Owen McGivern, J.
This action was instituted by plaintiff, a New York corporation engaged in the jewelry business, for a declaratory judgment of its rights to possession and ownership of seven pieces of jewelry presently in possession of the office of the District Attorney of the County of New York, pursuant to order of Mr. Justice Charles Marks of the Supreme Court.
Prior to trial, plaintiff’s action was discontinued against defendants, Mr. Justice Marks and Frank Hogan, District Attorney of the County of New York. All defendants were duly served. Defendants Scandifia and Lombardozzi defaulted and did not appear. The defendants Bernard Hammerman and Hammerman Bros., Inc., interposed an answer. After a nonjury trial and an inquest, this court finds in favor of the plaintiff on the main issues.
The evidence revealed that the plaintiff corporation was engaged in the buying and selling of diamonds; the secretary-treasurer, Seymour Kaplan, had met on one occasion John Lombardozzi; on October 12, 1962 Lombardozzi appeared at the plaintiff’s shop, together with a Mike “ Scandi ”. These two worthies, after three visits, gave the plaintiff the sum of $31,950 in cash, for seven items of jewelry, pursuant to a written bailment agreement which provided that the items would be returned within five days or on demand. The down payment, the $31,950, was duly processed through the books of the plaintiff, and the court is convinced this money was paid.
The defendant Hammerman testified that on October 17, 1962 he was visited in his office by a Mr. Halpern who introduced him to a “John” and “Mike”, and these two gentlemen offered the diamonds in question to Hammerman for $88,500. Hammerman did not agree to buy them for this figure, but said he would attempt to sell them. Whereupon, ‘ ‘ John ’ ’ and “ Mike ”, according to Hammerman, gave to him a memorandum of the “ J. & M. Jewelry Company ”, indicating the delivery of the diamonds to Hammerman, and subsequently Hammerman, on three separate occasions, gave to Halpern, for the benefit of *933 “ John ” and “ Mike ”, the sum of $56,500 in cash. Just like that. The cash, Mr. Hammerman avowed, had been received by him from an uncle in Argentina.
Unfortunately, the defendant Hammerman neglected to get a receipt for the $56,500 from Halpern, and the latter neglected to get a receipt from “ John ” and “ Mike ”. Indeed, Halpern did not know where he gave the money to “ John ’ ’ and ‘ ‘ Mike ’ ’, and most unrealistic of all he did not receive any commission for his pains. Further, “ John ” and “ Mike ” were apparently spared any inquiry as to who really owned the diamonds, the identity and standing of the “ J. & M. Jewelry Company ”; even its address remained a mystery.
The jewelry was never returned to the plaintiff, and after several futile demands, the plaintiff complained to the police. In January of 1963, Hammerman appeared before the G-rand Jury of New York County and produced the jewelry which is the subject of this proceeding.
This court finds that title to the jewelry never left the plaintiff and that Lombardozzi and ‘ ‘ Scandi ’ ’ could not give good title to Hammerman. (Smith v. Clews, 114 N. Y. 190; Zendman v. Harry Winston, Inc., 305 N. Y. 180.)
Accordingly, (a) the plaintiff is declared the owner of the seven pieces of jewelry which are the subject of this action, the value of which when delivered by plaintiff to defendants Lombardozzi and Scandifia was the sum of $88,162. The sum of $31,950 received by the plaintiff on account thereof, subtracted from the said value leaves a balance of $56,212, upon which latter amount interest may be computed from the date of the demand upon Lombardozzi and Scandifia for the return of the jewelry until the date when the District Attorney took possession; (b) the plaintiff is entitled to the repossession of the jewelry at such time as the office of the District Attorney has concluded any interest it may have in the jewelry; (c) the plaintiff is awarded the sum of $7,500 in damages against the defendants Lombardozzi and Scandifia for impairment of the diamonds and loss of the settings after they came into their possession; (d) such computed interest together with the damages in the sum of $7,500 shall be deducted from the $31,950 in the hands of the plaintiff and the balance then remaining is directed to be deposited into court pursuant to section 5011 of the Civil Practice Law and Rules pending a determination of the rights thereto of the defendants Hammerman and the defendants Lombardozzi and Scandifia.